UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENIS KREZIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-1166 |
| | ) |
| ADVANCED ENDODONTICS OF | ) |
| BUFFALO, PC d/b/a EAGLE CAPITAL | ) |
| ENTERPRISES, HATIM HAMAD, DDS | ) |
| d/b/a EAGLE CAPITAL ENTERPRISES, | ) |
| BRIAN DAVIDSON a/k/a BOHDAN | ) |
| LELO d/b/a EAGLE CAPITAL | ) |
| ENTERPRISES, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PARTIAL MOTIONS TO DISMISS FILED BY DEFENDANTS
ADVANCED ENDODONTICS OF BUFFALO, PC AND HATIM HAMAD, DDS
(Docs. 9, 11)**

Plaintiff Dennis Krezic has sued Defendants Advanced Endodontics of Buffalo, P.C. and Hatim Hamad, DDS ("Moving Defendants"), as well as Defendant Brian Davidson, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and New York General Business Law § 349. The Amended Complaint (Doc. 10) alleges that Eagle Capital Enterprises ("ECE") is a "debt collector" within the meaning of the FDCPA as well as an employee or alter ego of Defendants, and that ECE and Defendants violated the FDCPA and N.Y. Gen. Bus. Law § 349 when they attempted to collect a debt from Plaintiff. (*See id.*)

Moving Defendants have moved to dismiss Count II of the Amended Complaint, which alleges a violation of N.Y. Gen. Bus. Law § 349, and to strike Plaintiff's request for punitive damages under that statute. (Doc. 11.)

**Facts**

The Amended Complaint includes the following allegations:

On or about September 23, 2019, Plaintiff received a voicemail from Defendant Brian Davidson stating the following:

> Denis Krezic my name is Brian Davidson, I need you to call me as soon as you get this message. It's an issue that has to be address[ed] immediately. It's April 30, 2019 [sic], it's respectfully 8:10 AM I need you to call me back at 631-451-8077. I'll be in the office till 3:00, any failure to respond by 3:00 leaves me to believe you absolutely don't have any interest in resolving this issue, I'm forced to proceed. The number for my office again is 631-451-8077.

(Doc. 10 at 2, ¶ 6.) On or about the same day, Plaintiff's wife received a voicemail from Davidson. (*Id.* at 3, ¶ 7.) When Plaintiff's wife returned the phone call, Davidson requested Plaintiff's email address "so that he could send him a correspondence regarding the subject debt." (*Id.* ¶ 8.)

Plaintiff received another voicemail from Davidson on or about the same day. In this voicemail, Davidson stated he "represent[s] Advanced Endodontics of Buffalo." The voicemail advised Plaintiff that he would soon receive an email with further information. (*Id.* ¶ 9.) In the email, Davidson wrote:

> We are representing the legal interest of Advanced Endodontics of Buffalo. Unless the full balance is paid immediately to Eagle Capital Enterprises, we would have no other recourse but to report your account to the various credit reporting agencies and to exercise whatever rights and remedies necessary under the law to enforce full restitution. Note the check is payable to Eagle Capital Enterprises. We anticipate in having this matter resolved amicably.

(*Id.* ¶ 10.) Later that day, Davidson left another voicemail for Plaintiff warning that if Plaintiff failed to remit payment,

> we[']re moving forward and initiating proceedings against you. There is no more conversations, my understanding is that this was explained to you numerous times and you're completely reluctant to comprehend this, ok, so bottom-line is that Friday is the deadline and if it's not in the office we[']re moving forward on this.

(*Id.* ¶ 11.)

Plaintiff alleges that he "became nervous, upset, anxious and suffered from emotional distress" due to Defendants' actions. (*Id.* at 5, ¶ 29.)

The Complaint also contains allegations about statements by Defendant Davidson to a third party, Agnes Holmes. (*See id.* at 4, ¶ 15.) Because these allegations are not necessary for the court's disposition of this motion, the court does not recite them here.

## Analysis

### I. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts all plausible allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). However, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014) (per curiam) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

### II. Sufficiency of the Pleadings for a Claim Under N.Y. Gen. Bus. Law § 349

N.Y. Gen. Bus. Law § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). The statute creates a private cause of action for individuals harmed by

violations of the statute, provides for the award of actual or statutory damages, and permits a court to award punitive damages for willful violations. *Id.* § 349(h). The New York Court of Appeals has recognized that § 349 "on [its] face appl[ies] to virtually all economic activity, and [its] application has been correspondingly broad." *Plavin v. Grp. Health Inc.*, 146 N.E.3d 1164, 1168 (N.Y. 2020).

"[A] plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000).

Moving Defendants do not challenge the sufficiency of the pleadings with respect to the first element of a § 349 claim. Instead, Moving Defendants contend that Plaintiff has "failed to allege that the Moving Defendants made any false or misleading statements to him resulting in an injury." (Doc. 11-2 at 3.)

Moving Defendants identify several purported deficiencies in the Amended Complaint's factual allegations. First, Moving Defendants contend that the Amended Complaint lacks sufficient factual allegations relating to *their* deceptive or misleading actions. (*Id.* at 4.) Second, Moving Defendants contend that any alleged misleading statements made by Defendant Brian Davidson regarding his capacity as an attorney "were not made to the Plaintiff" (*id.* at 4 (emphasis omitted); *id.* at 7) and "have no relation whatsoever to Brian Davidson's collection of the debt owed by the Plaintiff" (*id.* at 5; *id.* at 7). Consequently, Moving Defendants argue that Plaintiff has failed to plausibly plead that he was injured by the false statements. (*Id.* at 5.) The court addresses these arguments in turn.

4

A.      **Moving Defendants' Responsibility for Davidson's Statements**

The Amended Complaint alleges that the Moving Defendants are liable for the conduct of Brian Davidson because he served as their agent. The Amended Complaint alleges that "ECE/Brian Davidson solely collects debts allegedly due to [Moving] Defendants." (Doc. 10 ¶ 24.) The Amended Complaint further alleges that, since July 2015, Moving Defendants have employed Davidson to collect debts owed to them "with the knowledge that EC[E] is not a[] legitimate company recognized in New York and with the knowledge that Brian Davidson is posing as an attorney and making illegal threats to consumers." (*Id.* ¶¶ 25–26, 28.) Alternatively, the Amended Complaint alleges that ECE is the alter ego of Moving Defendants and that Moving Defendants attempt to collect their own debts through their employee, Brian Davidson. (*Id.* ¶¶ 26–28.) In short, the Amended Complaint alleges that Davidson acted as Moving Defendants' agent when he attempted to collect a debt from Plaintiff, and that Moving Defendants consented to the actions Davidson took on their behalf. *See Faith Assembly v. Titledge of N.Y. Abstract, LLC*, 106 A.D.3d 47, 58, 961 N.Y.S.2d 542, 550 (N.Y. App. Div. 2013) (holding that plaintiff had adequately alleged the existence of an agency relationship).

In New York, "[a] principal must answer to an innocent third person for the misconduct of an agent acting within the scope of its authority." *Id.* Even if "an agent acts outside the scope of its authority, 'the principal is nevertheless liable if he later ratifies the fraudulent acts and retains the benefits derived from them.'" *DGI-BNSF Corp. v. TRT LeaseCo, LLC*, No. 18-CV-3252 (VEC), 2019 WL 5781973, at *4 (S.D.N.Y. Nov. 6, 2019) (quoting *Adler v. Helman*, 169 A.D.2d 925, 926, 564 N.Y.S.2d 828, 830 (N.Y. App. Div. 1991)).

The court concludes that Plaintiff has adequately pleaded the existence of a principal-agency relationship between Moving Defendants and Davidson. Plaintiff alleges that Davidson

identified himself as "representing Advanced Endodontics of Buffalo" and "representing the legal interest of Advanced Endodontics of Buffalo" in voicemail and email messages left by Davidson. (Doc. 10 at 3, ¶¶ 9–10.) Plaintiff also alleges that Davidson identified himself to a third party as an attorney representing Dr. Hamad in July 2015. (Doc. 20 ¶ 20.) A reasonable factfinder could conclude from these statements that Davidson acted as an agent of Moving Defendants when he made the disputed statements to Plaintiff, and that Moving Defendants had authorized his actions. Consequently, the court will not dismiss Count II due to insufficient pleading regarding Moving Defendants' liability for Davidson's alleged statements.

      **B.    Whether Davidson's Statements to Plaintiff Were Materially Misleading or Deceptive**

Moving Defendants cite allegations of misleading statements made by Davidson to a third party to argue that the Amended Complaint lacks sufficient factual allegations regarding misleading statements made by Davidson to Plaintiff. (*See* Doc. 10 at 4–5.) However, even though the Amended Complaint contains some allegations regarding Davidson's statements to a third party (*see* Doc. 10 ¶¶ 15–23), the Amended Complaint contains multiple allegations regarding misleading or deceptive statements that Davidson made directly to Plaintiff. For example, Davidson allegedly told Plaintiff he "represent[ed] the legal interest" of Moving Defendants, and threatened to "exercise whatever rights and remedies [were] necessary under the law to enforce full restitution." (*Id.* at 3, ¶ 10.) Davidson warned that failure to remit payment would cause him to "mov[e] forward and initiat[e] proceedings against [Plaintiff]." (*Id.* ¶ 11.) Plaintiff alleges that these statements gave him "the impression that Defendant ECE and/or Brian Davidson was a law office and/or an attorney." (*Id.* ¶ 14.)

Under New York law, a statement is "misleading" or "deceptive" if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman*, 731 N.E.2d

at 611–12 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)). A factfinder could reasonably determine that the content of Davidson's alleged statements to Plaintiff meets this standard.[1] In particular, a factfinder could conclude that it was reasonable for Plaintiff to understand the phrase "representing the legal interest," and the subsequent threat of "initiating proceedings," as indicating that Brian Davidson was Moving Defendants' attorney, even though, Plaintiff alleges, that Davidson is neither an attorney nor a licensed debt collector. (Doc. 10 ¶¶ 17, 33).[2] This alleged misrepresentation is material because involving an attorney in a debt collection effort implies that "the price of poker has just gone up." *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 95 (E.D.N.Y. 2009) (quoting *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)). Whereas a "collection agency[ ] might not strike fear in the consumer, . . . the attorney[] is better positioned to get the debtor's knees knocking." *Id.* (quoting *Avila*, 84 F.3d at 229).

Because Plaintiff has alleged that Moving Defendants' agent, Brian Davidson, made a statement that would cause a reasonable consumer to mistakenly believe Davidson was an attorney, the Amended Complaint has sufficiently alleged that Moving Defendants' agent made materially misleading statements to Plaintiff.

---

[1] Though not necessary to reach this conclusion, the court notes that the Amended Complaint's factual allegations regarding Davidson's representations to a third party support Plaintiff's claims that "Davidson is posing as an attorney" and that "EC[E] is not a[] legitimate company recognized in New York." (Doc. 10 ¶ 25.)

[2] A "letter" filed under this docket, signed by "Eagle Capital Enterprises," appears to indicate as much. The letter states: "We serve as an extension of Advanced Endodontics [o]f Buffalo,[]PC, as an original creditor not as a collection agency.[ As] a result, the FDCPA does not apply to the original Creditor. We never stated that we were lawyers. We were recorde[d] without consent. The lawsuit is an attempt to extract money without merit. The alleged damages, statutory and punitive damages have no substance and we request that the lawsuit be dismissed immediately." (Doc. 6.)

C.   **Causation of Injury**

To state a claim under § 349, a plaintiff must do more than simply allege that the defendant made a misleading or deceptive statement. Although the New York Court of Appeals has clarified that "reliance is not an element of a section 349 claim," a plaintiff "must show that the defendant's 'material deceptive act' caused the injury." *Stutman*, 731 N.E.2d at 612. This standard requires the court to evaluate whether the Amended Complaint alleges sufficient facts to enable a factfinder to conclude that Davidson's deceptive representations were material and caused Plaintiff's alleged harm.

The New York Court of Appeals has held that a plaintiff must allege "actual, although not necessarily pecuniary, harm" to state a claim under § 349. *Oswego*, 647 N.E.2d at 745. Courts in this Circuit have interpreted "actual harm" under § 349 to include "emotional harm," including "fear and other emotional strain stemming from consumer fraud." *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668, 708 (S.D.N.Y. 2019) (citing cases). Furthermore, "emotional distress damages [in § 349 claim] can be corroborated by any witness, not solely in the form of medical evidence or from disinterested third-parties." *Guzman v. Mel S. Harris & Assocs., LLC*, No. 16 CIV. 3499 (GBD), 2018 WL 1665252, at *12 (S.D.N.Y. Mar. 22, 2018).

Plaintiff alleges that "as a result of Defendants' acts Plaintiff became upset, nervous, anxious, and suffered from emotional distress." (Doc. 10 ¶ 29.) These emotional injuries, if substantiated, constitute actual harm. Furthermore, Plaintiff alleges that Defendants' acts—Davidson's voicemails, emails, and phone calls in his capacity as Moving Defendants' agent—caused the alleged emotional harm. Accepted as true for purposes of the motion to dismiss, these allegations would support a factual conclusion that Plaintiff experienced nervousness, anxiety,

8

and emotional distress *because of* the misleading content of Davidson's statements. For example, Davidson's statement that he represented Moving Defendants' "legal interest," which accompanied his threat to "exercise whatever rights and remedies [are] necessary under the law to enforce full restitution" (*see id.* at 11, ¶ 10), reasonably could have caused Plaintiff to feel anxiety or stress. *See Miller*, 687 F. Supp. 2d at 95. Because the Amended Complaint plausibly alleges that Brian Davidson made materially deceptive statements to Plaintiff that caused him to experience emotional distress, the court denies Moving Defendants' motion to dismiss Plaintiff's § 349 claim.

**III.    Motion to Strike Plaintiff's Request for Punitive Damages**

Moving Defendants seek dismissal of Plaintiff's request for punitive damages conditional on the court's dismissal of Plaintiff's claim under N.Y. Gen. Bus. Law § 349. Because the court does not dismiss Plaintiff's § 349 claim and because punitive damages are available for successful § 349 claims, *see Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 167, 893 N.Y.S.2d 208, 218 (N.Y. App. Div. 2010), the court denies Moving Defendants' motion to dismiss Plaintiff's claim for punitive damages.

### Conclusion

Moving Defendants' Motion to Dismiss (Doc. 11) is DENIED. The superseded Motion to Dismiss (Doc. 9) is DENIED AS MOOT.

Dated this 18th day of February, 2021.

Geoffrey W. Crawford, Judge
United States District Court