UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENIS KREZIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-1166 |
| | ) |
| ADVANCED ENDODONTICS OF | ) |
| BUFFALO, PC, HATIM HAMAD, DDS, | ) |
| and BRIAN DAVIDSON a/k/a BOHDAN | ) |
| LELO, d/b/a EAGLE CAPITAL | ) |
| ENTERPRISES, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**
**(Doc. 25)**

Plaintiff Denis Krezic sued Advanced Endodontics of Buffalo ("AEB"), Brian Davidson, and Hatim Hamad, DDS (collectively, "Defendants") in August 2020, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and N.Y. Gen. Bus. Law § 349. (Doc. 1.) On November 3, 2020, Mr. Krezic filed an Amended Complaint alleging that Eagle Capital Enterprises ("ECE"), an employee or alter-ego of Defendants, worked with Defendants to violate the FDCPA and N.Y. Gen. Bus. Law § 349 when attempting to collect a debt from Mr. Krezic. (Doc. 10.)

On November 17, 2020, AEB and Dr. Hamad moved to dismiss the N.Y. Gen. Bus. Law § 349 claim and to strike Plaintiff's request for punitive damages. (Doc. 11.) The court denied the motion to dismiss. (Doc. 15.)

On March 4, 2021, AEB and Dr. Hamad answered the Amended Complaint and raised counterclaims against Mr. Krezic for breach of contract and unjust enrichment. (Doc. 16.) These are the underlying collection claims concerning unpaid medical charges. Mr. Krezic now moves

to dismiss the counterclaims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 25.) Defendants AEB and Dr. Hamad oppose the motion. (Doc. 28.) For the reasons set forth below, Mr. Krezic's motion to dismiss the counterclaims is granted.

## Analysis

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim or counterclaim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court must dismiss a claim "for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Title 28, Section 1367 provides that the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For purposes of § 1367(a), claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Prior to the enactment of § 1367 in 1990, the "judge-made doctrine of ancillary jurisdiction," and Federal Rules of Civil Procedure 13(a)–(b) determined the federal courts' jurisdiction over state law counterclaims. *See generally Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209–211 (2d Cir. 2004) (considering whether the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and whether

there is a "logical relationship" between the claim and counterclaim) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)). This framing differentiates between "compulsory" counterclaims arising out of the same transaction or occurrence as the original claim which, if not raised, are forfeited—and "permissive" counterclaims arising out of a separate transaction or occurrence, and which if not raised are not forfeited. *See* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1409 (3d ed. 2022).

Following the enactment of § 1367, "it is no longer necessary to distinguish between permissive and compulsory counterclaims inasmuch as § 1367 has established new criteria for determining the existence of supplemental jurisdiction." *Fentner v. Tempest Recovery Servs., Inc.*, No. 07-CV-561A, 2008 WL 4147346, at *2 (W.D.N.Y. Sept. 2, 2008) (citing, among other cases, *Jones*, 358 F.3d 205). "Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers." *Jones*, 358 F.3d at 213 (quoting *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996)).

## II. Counterclaims for Breach of Contract and Unjust Enrichment

In their Answer to the Amended Complaint, Defendants deny Plaintiff's allegations of illegal collection tactics under the FDCPA and seek to collect the medical debt Plaintiff allegedly owes. (Doc. 16.)

Plaintiff asserts that his FDCPA claims for illegal debt collection tactics do not form part of the same case or controversy as the claim for the payment of the unpaid debt. (Doc. 25-2 at 2.) Accordingly, Plaintiff argues the court lacks subject matter jurisdiction over Defendants' state law counterclaims for breach of contract and unjust enrichment. (*Id.*) Plaintiff further argues as a matter of policy that counterclaims for collection of the underlying debt would "defeat the

3

remedial purpose of the act." (*Id.* at 3; Doc. 29 at 4 (citing, among other cases, *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987)).).

In response, Defendants argue that payment of the underlying debt arises out of the same "common nucleus of operative fact" as Plaintiff's claims, and thus the court has supplemental jurisdiction over the counterclaims. (Doc. 28-2 at 2.) Because the Amended Complaint refers to a debt Plaintiff owes to Defendants, Defendants argue the unpaid debt and the FDCPA claims form part of the same case or controversy and should be heard together. (*Id.* at 4–5.) Defendants reject Plaintiff's reliance on *Leatherwood*, arguing that because the case was decided prior to the enactment of § 1367, its conclusions are now "obsolete." (*Id.* at 6.) Instead, Defendants argue the court should follow the Second Circuit's exercise of supplemental jurisdiction over counterclaims for unpaid debts in analogous consumer protection cases. (*Id.* at 8 (citing *Jones*, 358 F.3d 205).)

Under § 1367(a), the issue is whether the claim to collect a debt is "so related" to the FDCPA claim that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). "Whether the counterclaim is permissive or compulsory is not material." *Harris v. Jacob Marsh, LLC*, No. 12CV356A, 2012 WL 3655357, at *2 (W.D.N.Y. July 6, 2012) (citing *Fentner*, 2008 WL 4147346, at *2), *report and recommendation adopted*, 2012 WL 3655334 (W.D.N.Y. Aug. 23, 2012)).

Courts in the Western District of New York adjudicating FDCPA claims regularly decline to exercise subject matter jurisdiction over counterclaims seeking repayment of the underlying debt because counterclaims to collect a debt are not "so related" to the FDCPA claims so as to warrant supplemental jurisdiction under § 1367(a). *See Harris*, 2012 WL 3655357, at *2 ("[A]n action challenging the legality of the methods of collection is not 'so

4

related' to an action to collect that debt to warrant the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) over the latter claim."); *Balk v. Fererstein & Smith, LLP*, No. 09CV249A, 2011 WL 1560984, at *3 (W.D.N.Y. Feb. 18, 2011) ("[C]reditors are generally precluded from asserting the merits of the underlying debt as counterclaims in a F.D.C.P.A. case."), *report and recommendation adopted* 2011 WL 1557948 (W.D.N.Y. Apr. 25, 2011); *Fentner*, 2008 WL 4147346, at *2 ("The original claim asserted by the plaintiff pursuant to the FDCPA and the defendant's counterclaim [for failure to pay the debt and for unjust enrichment] have only a tangential factual connection."); *Leatherwood*, 115 F.R.D. at 49–50 ("The [FDCPA] claim and the [breach of contract] counterclaim are, of course, offshoots of the same basic transaction, but they do not represent the same basic controversy between the parties.") (internal quotation and citation omitted).

Where defendants seek repayment of the debt forming the basis of the FDCPA claim, the debt and the conduct giving rise to the FDCPA violation are not part of the same case or controversy because the existence of the debt is not a prerequisite for the violation. "[T]he validity of the underlying debt is not material to the FDCPA claim." *Fentner*, 2008 WL 4147346, at *2; *see also Stover v. Northland Grp., Inc.*, No. 05 CV 0476E(SR), 2007 WL 1969724, at *1 (W.D.N.Y. July 6, 2007) (existence of a legitimate debt does not change debt collector's liability under FDCPA). Indeed, the drafters of the FDCPA intended to permit claims where there is no underlying debt at all. H.R. Rep. 95-131, at 8 (1977) ("This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts.").

Outside of the Western District of New York, there is less consensus on the issue. Some federal districts agree with this District's approach to evaluating supplemental jurisdiction over

FDCPA counterclaims. *See, e.g., Unangst v. Evans Law Assocs., P.C.*, 798 F. Supp. 2d 409, 411 (N.D.N.Y. 2011) (FDCPA claims are "only tangentially related to" breach of contract claims because "the facts required to prove [Plaintiff's] FDCPA claim are not the same as, nor are they even relevant to, those required to prove [Defendant's] counterclaim for payment of the debt."). Other federal courts outside the Second Circuit exercise supplemental jurisdiction over FDCPA counterclaims for repayment of debt, reasoning that these claims derive from a common nucleus of operative fact, and so satisfy 28 U.S.C. § 1367(a). *See, e.g., Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *3 (N.D. Cal. Dec. 3, 2008) ("[B]oth claims are related to a single debt allegedly owed by [plaintiff] to [defendant]."); *Bakewell v. Fed. Fin. Grp., Inc.*, No. 1:04-CV-3538-JOF, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006) (finding FDCPA claim and counterclaim for underlying debt arise from a common nucleus of operative fact); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1070 (E.D. Cal. 2005) (same).

In certain contexts, courts in the Second Circuit have exercised supplemental jurisdiction over counterclaims for repayment of the debt underlying a FDCPA claim. But those instances are limited to cases in which the plaintiff raises non-FDCPA claims involving the underlying debt alongside their FDCPA claims. *See, e.g., Padilla v. Clovis & Roche, Inc.*, No. 1:07-CV-00267, 2007 WL 4264582, at *3 (N.D.N.Y. Nov. 30, 2007) (plaintiff's claim that defendants fraudulently induced her to pay more than she owed necessitates inquiry into the nature of underlying agreement, so counterclaims for breach of contract and unjust enrichment arose from the same common nucleus of operative fact).

Plaintiff's FDCPA and N.Y. Gen. Bus. Law § 349 claims and Defendants' counterclaims for repayment of the debt do not derive from a common nucleus of operative fact. Plaintiff's original FDCPA claim concerns statements made by Defendants in phone calls and voicemails

that Plaintiff alleges were deceptive, abusive, and unfair. (Doc. 10.) Defendants' counterclaim would involve determining the nature of any agreement between Plaintiff and AEB, and each party's performance (or non-performance) on that agreement. "None of the elements necessary to establish and prove the plaintiff's FDCPA claim are necessary, or even relevant to, the defendant's counterclaim [for repayment of the debt]." *Fentner*, 2008 WL 4147346, at *2.

The court addresses Defendants' contention that the court should avoid relying on *Leatherwood*, since that case was decided prior to the enactment of § 1367. (Doc. 28-2 at 5–6.) The court in *Leatherwood* found that "the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt . . . does not concern any obligations created by the underlying debt," and declined to exercise jurisdiction over the state-law counterclaims. 115 F.R.D. at 50. It is true that the outcome in *Leatherwood* depended in part upon the permissive-compulsory counterclaim distinction. But its holding has nevertheless been repeatedly reaffirmed even after § 1367 was enacted, and its discussion of the FDCPA's purposes and mechanisms remains relevant. *See, e.g., Unangst*, 798 F. Supp. 2d at 411–12 (relying upon *Leatherwood* to find counterclaims for repayment of debt insufficient to satisfy § 1367 and noting *Leatherwood* discussion of FDCPA's remedial purpose); *Harris*, 2012 WL 3655357, at *2–3 (same).

The law of this District is that FDCPA claims do not invite counterclaims for repayment of the underlying debt. *See Harris*, 2012 WL 3655357, at *2; *Fentner*, 2008 WL 4147346, at *2; *Balk*, 2011 WL 1560984, at *3. Plaintiff does not raise any claims, such as fraud, that would require the court to examine the nature of the agreement between the parties or the exact amount of debt owed to Defendants, if any. *Cf. Padilla*, 2007 WL 4264582, at *4. As Mr. Krezic's claims are not "so related" to Defendants' counterclaims "that they form part of the same case or

7

controversy," the court declines to exercise supplemental jurisdiction over Defendants' counterclaims. 28 U.S.C. § 1367(a).

Contrary to Defendants' arguments, the Second Circuit's holding in *Jones* does not change this outcome. (Doc. 28-2 at 8–9 (citing *Jones*, 358 F.3d 205).) In that case, a class of African American plaintiffs sued Ford Motor Company under the Equal Credit Opportunity Act ("ECOA"), alleging that Ford's financing plan was discriminatory. *Jones*, 358 F.3d at 207–08. The court concluded that the "ECOA claim and the debt collection claims originate from the Plaintiffs' decisions to purchase Ford cars," and so supplemental jurisdiction under §1367(a) was proper. *Id.* at 213–14.

But *Jones* involved a different statute with a different purpose. The ECOA prohibits racial discrimination in credit transactions. Whether a borrower has an unpaid debt or a history of unpaid debts may be relevant in determining whether a lender's behavior was tainted by racial animus, and so inquiry into the underlying agreement between the parties might be necessary to resolve the dispute. In FDCPA cases, on the other hand, the veracity of the underlying debt is wholly irrelevant in determining whether the debt collector's behavior violated the statute. *See Stover*, 2007 WL 1969724, at *1 ("[T]he defendant may not escape liability under the statute by establishing that the debt it was seeking to collect was legitimate."). Moreover, the purpose of the ECOA is not frustrated by good-faith counterclaims for unpaid debts deriving from allegedly discriminatory credit transactions. But "[t]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits." *Leatherwood*, 115 F.R.D. at 50. Although *Jones* is instructive in guiding the court on the permissive and compulsory counterclaim analysis after the enactment of 28 U.S.C. § 1367, no court in the Second Circuit has read *Jones* to authorize

8

FDCPA counterclaims for repayment of debt. It does not govern the court's decision regarding supplemental jurisdiction over FDCPA counterclaims in this case.

For these reasons, the court lacks subject matter jurisdiction over Defendants' counterclaims for breach of contract and unjust enrichment. Defendants' counterclaims for breach of contract and unjust enrichment are therefore dismissed without prejudice.

## Conclusion

Plaintiff's Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction is GRANTED. (Doc. 25.)

Dated this 2 day of May, 2022.

Geoffrey W. Crawford, Judge
United States District Court

9